# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  08-81434-CIV-ALTONAGA

JAMES F. WALKER, GARY J.
ROTELLA, and GARY J. ROTELLA
& ASSOCIATES, P.A.,

      Appellants,

vs.

LINDA J. WALDEN,

      Appellee.

_____/

### ORDER

This cause is before the Court on Appellee's Verified Motion, Memorandum and Supporting Declarations Concerning Attorneys' Fees to be Awarded on Remand ("*Mot.*") [D.E. 35], filed on December 22, 2009.  On January 12, 2010, Appellants, Gary J. Rotella, Esquire, and Gary J. Rotella & Associates, P.A., filed Appellants' Response to Appellee's Verified Motion ("*Resp.*") [D.E. 42], and Appellee, Linda J. Walden, filed her Reply Memorandum ("*Reply*") [D.E. 43] on January 15, 2010.  The Court heard argument on the Motion on January 19, 2010, and has carefully considered the parties' written submissions, arguments in open court and applicable law.

### I.  BACKGROUND[1]

The Court takes yet another stab at slaying the multi-headed dragon of litigation spawned by the bankruptcy proceedings of James F. Walker.[2]  *See In re Walker*, No. 03-32158-PGH (Bankr. S.D. Fla. Oct. 27, 2009).  The matter now before the Court stems from the persistent, albeit untimely,

---

[1] "Bankr. R." refers to docket entries in the bankruptcy proceeding.  "D.E." refers to docket entries in the appeal of the bankruptcy to the District Court.

[2] The Court counts no less than 21 appellate filings in the U.S. District Court for the Southern District of Florida since April 22, 2004.

Case No. 08-81434-CIV-ALTONAGA

efforts by Walker's attorneys, Gary J. Rotella, Esquire, and Gary J. Rotella & Associates, P.A. (collectively, "Rotella"), to secure attorneys' fees from Linda J. Walden, who was removed as Trustee in the original bankruptcy.[3] More than eighteen months after the removal order, Rotella filed a Motion to Tax Attorneys' Fees and Costs for the earlier litigation (*see* Motion to Tax [Bank. R. 1593], filed on Jun. 19, 2006). Following two unfavorable rulings – in the Bankruptcy Court (*see* Order Granting Walden's Motion to Dismiss and Denying as Moot Rotella's Motion for Joinder [Bank. R. 2132], filed on Sep. 17, 2008), and on appeal to the District Court (*see* Order Affirming Bankruptcy's Court Order ("*Order*") [D.E. 23], filed on February 24, 2009) – Rotella filed yet another appeal to the Eleventh Circuit (*see* Notice of Appeal [D.E. 24], dated March 25, 2009). Walden responded to the appeal and also moved for sanctions under Federal Rule of Appellate Procedure 38, on the ground that the appeal was frivolous. On November 18, 2009, the Eleventh Circuit issued a Mandate dismissing Rotella's appeal, sanctioning Rotella by awarding Walden attorneys' fees and double costs, and remanding the case "to the district court to determine the amount of attorneys' fees to be awarded and the contribution of each Appellant." *In Re: James F. Walker*, No. 09-11576-HH, at 7 (11th Cir. November 18, 2009). On remand, the Court now addresses the issues of attorneys' fees and contribution.

Walden seeks attorneys' fees from Rotella in the amount of $51,814.00 for the services of Stack Fernandez Anderson & Harris, P.A. ("SFAH"), which represented her on appeal before the Eleventh Circuit. (*See Mot.* at 1). In support of her Motion, Walden filed itemized SFAH invoices reflecting typical case management tasks such as preparing and filing court documents,

---

[3] For a full history of the bankruptcy proceedings and earlier appeals, see Order Affirming Bankruptcy Court's Order [D.E. 23], filed on February 24, 2009, at 2-7.

2

Case No. 08-81434-CIV-ALTONAGA

communicating with the client and co-counsel, and conversations with opposing counsel and the appellate court's clerk. (*See id.* at 17-35). The invoices also report time spent on three significant research and writing projects undertaken by SFAH on Walden's behalf: a) a response brief to the appeal, b) a Rule 38 motion, and c) a response to Rotella's motion to dismiss the appeal. (*See id.*). The response brief to the appeal is at the center of the current dispute.

Two well-seasoned attorneys worked on the case. Brian J. Stack, a shareholder, and Denise B. Crockett have extensive commercial litigation and appellate experience, are Martindale-Hubbell "AV" rated, and together, have more than 50 years in the legal profession. (*See id.* at 3). Stack billed 48.9 hours on the appellate case; Crockett billed 99 hours. (*See id.* at 17). In addition, a paralegal performed minimal work (0.5 hours) on the appellate proceedings. (*See id.*). Billing $350 per hour for the attorneys' work and $100 per hour for a paralegal, Walden reports a total of 148.4 hours of billable time on all aspects of the appeal. (*See id.* at 4, 17). Walden submits affidavits by Stack, Crockett, and an uninterested lawyer, Sean R. Santini, in support of her Motion. (*See id.* at 37-46).

Rotella asks the Court to "make its own determination as to whether the hourly rates of Stack, Crockett and Wolfstein . . . were reasonable under the facts and circumstances" of the appeal. (*Resp.* at 2). Rotella's singular objection, as clarified at the January 19, 2010 hearing, is to the number of hours billed by SFAH for the preparation of Walden's response brief to the Eleventh Circuit. (*Resp.* at 3-7). Using the time records submitted by Walden, Rotella estimates SFAH billed 105.8 hours or $36,855.50 for its work on the response brief. (*See id.* at 3). Rotella argues the fees are unreasonably high because the brief a) replicates the arguments offered by Walden in her initial

3

appeal, and b) includes an unnecessary argument on standing, which was inappropriate because Walden failed to raise the issue before the District Court and did not file a cross-appeal before the Eleventh Circuit.  (*See id.*).  Given the lack of any concrete objections in its response and as clarified at the hearing on the Motion, Rotella does not dispute the hourly rates charged by SFAH nor does it contest the work performed on the Rule 38 motion, the response to Rotella's motion to dismiss, or any other legal work.  Finally, Rotella does not dispute its joint and several liability as to attorneys' fees.[4]

In her reply, Walden states SFAH spent approximately 70 hours on the response brief – not the 105.8 hours calculated by Rotella – and asserts her Eleventh Circuit response brief was not duplicative of her brief filed before the District Court.  (*See Reply* at 2-3).  Walden also maintains her standing argument was both permissible and appropriate on appeal.  (*See id.* at 2-4).

## II.  LEGAL STANDARD

Awards of attorneys' fees are governed by a reasonableness standard.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "[T]he lodestar figure – the product of reasonable hours times a reasonable rate – represents a 'reasonable' fee . . . ."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (finding the lodestar figure enjoys a strong presumption of reasonableness).  Lodestar has "become the guiding light of our fee-shifting jurisprudence."  *City*

---

[4]  James F. Walker, the debtor in the bankruptcy action, was not a party to the underlying motion. (*See* Motion to Tax [Bankr. 1593], filed on June 19, 2006).  Rotella's untimely efforts to join Walker (*see* Motion for Joinder of Additional Moving Party [Bankr. 2110], filed on August 25, 2009) in the motion were deemed moot by the Bankruptcy Court (*see* Order Granting Walden's Motion to Dismiss and Denying Rotella's Motion for Joinder [Bankr. 2132], filed on September 17, 2008, at 8), and Rotella's failure to include that issue on appeal resulted in its waiver.  (*See Order* at 6 n.4).  Rotella concedes as much in fashioning its response to Walden's motion for attorneys' fees in its name only.  (*See Resp.* at 1).

Case No. 08-81434-CIV-ALTONAGA

*of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The burden of establishing the fee request is reasonable rests with the fee applicant, who supplies the court with "specific and detailed evidence" in an organized fashion.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

The court is an expert on the reasonableness of attorneys' fees, and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940).  Despite wide discretion, the court "should exercise care and restraint" in awarding attorneys' fees lest the awards serve as inappropriate incentives for unnecessary litigation.  10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure, Civil 3d* § 2675.1 (1998 & West. Suppl. 3d ed.).  When awarding fees, the court must allow meaningful review of its decision by ''articulat[ing] the decisions it made, giv[ing] principled reasons for those decisions, and show[ing] its calculation." *Norman*, 836 F.2d at 1304.

## III.  ANALYSIS

The Court has conducted an independent examination of the itemized invoices submitted by Walden and a line-by-line comparison of Walden's two appellate response briefs.  Rotella concedes the hourly rate for work by the attorneys ($350.00) and paralegal ($100.00), and the hours billed for case management issues, the Rule 38 motion, and Walden's response to the motion to dismiss are reasonable.

The parties disagree on three issues.  First, the parties are at odds over the actual number of hours SFAH billed for the response brief.  Second, Rotella argues SFAH inflated its hours by

5

Case No. 08-81434-CIV-ALTONAGA

submitting a response brief that largely replicates the arguments offered by Walden in her initial appeal. Third, Rotella claims SFAH inflated its hours by including an unnecessary argument on standing. Based on the Court's independent analysis, each of the contested issues is addressed in turn.

**A.    The Number of Hours Billed to the Response Brief**

The first point of disagreement is the number of hours SFAH billed for researching and writing Walden's response brief. Walden submitted itemized SFAH invoices documenting the date, time, attorney and tasks for which she was billed. (*See Mot.* at 18-35). Based on its analysis of those invoices, Rotella asserts SFAH spent 105.8 hours on the response brief. (*See Resp.* at 3). Walden identifies 70 hours. (*See Reply* at 2).

According to the Eleventh Circuit's PACER docketing report, Rotella filed its first brief in the Eleventh Circuit – the brief to which Walden responded – on May 20, 2009.[5] Thus, billing activity prior to May 20, 2009 was not likely related to the research and writing of Walden's response brief. The Court's review of filings prior to this date indicates billings for typical appellate case management work: reviewing court notices and appellants' filings; reviewing the record on appeal; preparing and filing appearance documents, certificates of interested persons, and the civil appeal statement; scheduling matters; and phone calls or meetings with the client, co-counsel and the Clerk's Office. This work is reasonable, albeit unrelated to the research and writing of Walden's response brief – the issue in contention here.

---

[5] A corrected brief was subsequently filed on June 15, 2009.

Case No. 08-81434-CIV-ALTONAGA

Walden filed her response brief on July 14, 2009; *ergo*, all billings relevant to the brief occurred between May 20, 2009 and July 14, 2009. An itemization of billing entries during this period shows SFAH billed at least 46.1 hours and no more than 88.3 hours to the response brief.[6] The number is a range because 42.2 hours were billed to multiple tasks in addition to work on the response brief, which would not be unusual considering SFAH was also preparing a Rule 38 motion and attending to other matters in the case.[7] The minimum number of hours in the range, 46.1, is the sum of all entries devoted solely to brief preparation.

Walden's claim that SFAH devoted 70 hours to her response brief is supported by the Court's analysis of the billing records.[8] Therefore, the Court adopts 70 hours as the time billed by SFAH for its work on Walden's response brief.

### B. Whether Duplicative Arguments Inflated the Billing Hours

Rotella asserts SFAH inflated its hours by submitting a response brief that is "substantially the same" and largely replicates the arguments offered by Walden in her initial appeal. (*Resp.* at 3,

---

[6] The Court included all billing entries mentioning the response brief, research on the issues or the appellants' brief such as "work on response brief," "review of appellants' corrected initial brief," "additional research regarding standing issue," "research regarding appellate court's standard of review and grounds for affirmance" and "research to support answer brief."

[7] See, for example, the entries for July 12, 2009 ("Review and edit brief; review and edit Rule 38 motion; email to B. Stack") and July 13, 2009 ("Continued preparation of Rule 38 motion and Response Brief; review new sanctions order entered by Judge Hyman against Rotella").

[8] The Court surmises Rotella's inflated estimate of 105.8 hours stems from its erroneous inclusion of all SFAH litigation activities commencing on March 25, 2009, the date Rotella filed its appeal, rather than May 20, 2009, when Rotella filed its initial brief. Without Rotella's brief, Walden could not have prepared her response, and no entries prior to May 20, 2009 reflect SFAH work on the response brief.

Case No. 08-81434-CIV-ALTONAGA

4-9). Walden claims her Eleventh Circuit brief was "markedly different" in length, citations and substance. (*Reply* at 3).

The Court conducted a line-by-line comparison of the substantive text and Table of Citations of Walden's Eleventh Circuit brief (*see Reply* at 40-85) and Walden's District Court brief.[9] (*See Reply* at 9-38). Walden cites 23 cases and 11 statutes or rules in her Eleventh Circuit brief that were not cited in her District Court brief. (*See Reply* at v-viii). The Court's line-by-line comparison of the text of the two briefs results in a conservative estimate that at least 17.3 pages of the 35-page Eleventh Circuit brief are either completely new writings or significant revisions of the earlier brief.[10] The Court also notes, with the exception of about four pages in the "Statement of the Case," there are numerous revisions throughout the entire brief, which suggest meticulous editorial work by counsel to improve their argument, incorporate the District Court's opinion and arguments, and hone their presentation.

The Court rejects Rotella's position that Walden's Eleventh Circuit brief was largely the result of a "copy and paste" operation and does not find SFAH inflated its billing hours for the response brief by using duplicative arguments. Based on its analysis, the Court determines at least half of the response brief was wholly new work or a significant revision, while the balance of the

---

[9] Comparing the number of substantive pages is inappropriate as the courts' rules differ on font and formatting.

[10] The Court's methodology involved highlighting every new or significantly revised line of text in the Eleventh Circuit brief. To arrive at a conservative estimate, the Court counted each line of the highlighted text except for block quotations and footnotes, for which every other line was counted (thus, giving half credit to notes and quotes). The Court counted 347 lines of new or revised text in the Eleventh Circuit brief. The formatting of Walden's brief allowed, conservatively, twenty (20) double-spaced lines per page. Dividing the number of lines of new text (347) by the number of lines per page (20), the Court arrived at its estimate of 17.3 pages of new text.

Case No. 08-81434-CIV-ALTONAGA

brief contains evidence of editing and minor changes.  Based on the Court's experience and knowledge, it is the Court's independent judgment the 70 billed hours is reasonable to prepare a response brief to the Eleventh Circuit Court of Appeals on this matter.

### C.    Whether an Unnecessary Argument Inflated the Billing Hours

Rotella also claims Walden's request for attorneys' fees is inflated because SFAH included an inappropriate and unnecessary argument on standing in her Eleventh Circuit brief.  (*See Resp.* at 3-6).  Rotella maintains Walden's standing argument should have been raised on cross-appeal, and her failure to do so meant she was precluded from arguing the issue in her response brief.  (*See id.* at 4)*.* Rotella asks the Court to discount the hours billed by SFAH on the response brief accordingly. (*See id.* at 7).

The Court disagrees.  Because Walden prevailed on her appeal before this Court, a cross-appeal was not available to her.  *See Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939) (establishing parties may not appeal judgments in their favor).  However, it was entirely appropriate for Walden to raise any and all possible arguments in the record in her brief, "including arguments previously rejected by the district court."  *Tr. of the Atlanta Iron Workers, Local 387 Pension Fund v. S. Stress Wire Corp.*, 724 F.2d 1458, 1459 (11th Cir. 1983).  It is well-settled that a prevailing party may "assert in a reviewing court any ground in support of his judgment, whether or not that ground was relied upon or even considered by the trial court."  *Dandridge v. Williams*, 397 U.S. 471, 475 n.6 (1970); *see also Barnett v. Bailey*, 956 F.2d 1036, 1040 n.7 (11th Cir. 1992) ("This court may, of course, affirm the district court where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court.").

9

Case No. 08-81434-CIV-ALTONAGA

Because Walden's inclusion of a standing argument in her response brief was wholly appropriate, the Court finds SFAH's inclusion of time spent on the standing issue in its billing hours to be reasonable.

## IV.  CONCLUSION

Consistent with the foregoing analysis, the Court finds SFAH's billing of seventy (70) hours for Walden's response brief to be reasonable.  The Court also finds SFAH's billing of $51,815.00 for its appellate representation of Walden in the Eleventh Circuit to be reasonable.  Because James F. Walker, the Debtor in this action, is no longer a party to the case, Gary J. Rotella, Esquire,  and Gary J. Rotella & Associates, P.A. are jointly and severally liable for the attorneys' fees owed to Walden.  It is hereby

**ORDERED AND ADJUDGED** that

1.    Appellee's Verified Motion for Attorneys' Fees **[D.E. 35]** in the amount of $51, 815.00 is **GRANTED**.

2.    Gary J. Rotella, Esquire, and Gary J. Rotella & Associates, P.A. are jointly and severally liable for the attorneys' fees owed to Walden.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of January, 2010.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

10